UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

YVETTE C. BLACK,

      Plaintiff,                    Case No. 3:14-cv-292

vs.

COMMISSIONER OF              District Judge Walter H. Rice
SOCIAL SECURITY,          Magistrate Judge Michael J. Newman

      Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (doc. 6),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

**A.      Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of October 2, 2009. PageID 199-207.  Plaintiff suffers from depressive disorder and polysubstance abuse.  PageID 63.  At the agency level, Plaintiff's claims were initially granted, but only for a closed period from January 1, 2010 thorough January 31, 2011.  PageID 60.[4]

Plaintiff subsequently appealed, arguing that her disability extends beyond that closed period.  *See* PageID 169.  Plaintiff received a hearing before ALJ Melody Paige on January 11, 2013.  PageID 80-123.  On April 25, 2014, the ALJ issued a written decision finding Plaintiff not "disabled" at any time from the alleged onset date through the date of her decision (thus rescinding the awarding of benefits for the closed period at issue).  PageID 60-76.  Specifically, the ALJ's findings were:

1.      The claimant meets the insured status requirements of the Social Security Act through March 31, 2016;

2.      The claimant has not engaged in substantial gainful activity since October 2, 2009, the alleged onset date (20 CFR 404.1520(b), 20 CFR 404.1571 *et seq.* 416.920(b) and 416.971 *et seq.*);

3.      The claimant has the following severe impairments: depressive disorder; [and] polysubstance abuse (20 CFR 404.1520(c) and 416.920(c));

4.      The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d));

5.      After careful consideration of the entire, record, the undersigned finds that, based on all of the impairments, including the substance use disorders, the claimant has the residual functional capacity ["RFC"] to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to simple, routine,

---

[4] It is unclear whether Plaintiff was ever paid for this closed period, and that issue was not raised in this appeal.

2

repetitive tasks with no fast paced production requirements and would only be able to concentrate for two hour segments over an eight hour workday. Additionally, the claimant would be unable to respond to unusual work situations such as changes in the work setting and would be unable to complete a normal workweek without excessive interruptions from psychological based symptoms.

6. The undersigned is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born [in] 1964, and was 45 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. The claimant's acquired job skills do not transfer to other occupations within the [RFC] defined above (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and [RFC] based on all of the impairments, including the substance use disorders, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. If the claimant stopped the substance use, the remaining limitations would cause more than a minimal impact on the claimant's ability to perform basic work activities; therefore, the claimant would continue to have a severe impairment or combination of impairments.

12. If the claimant stopped the substance use, the claimant would not have an impairment or combination of impairments that meets or equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d)).

13. If the claimant stopped the substance use, the claimant would have the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to simple, routine, repetitive tasks with no fast-paced production requirements.

14. If the claimant stopped the substance use, the claimant would continue to be unable to perform past relevant work (20 CFR 404.1565 and 416.965)

15. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework

3

supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

16. If the claimant stopped the substance use, considering the claimant's age, education, work experience, and [RFC], there would be a significant number of jobs in the national economy that claimant could perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

17. The substance use disorder is a contributing factor material to the determination of disability because the claimant would not be disabled if she stopped the substance use (20 CFR 404.1520(g), 404.1535, 416.920(g) and 416.935).  Because the substance use disorder is a contributing factor material to the determination of disability, the claimant has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of this decision.

PageID 60-75.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 45-47. Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

## B. Evidence of Record

In her decision, the ALJ summarized most of Plaintiff's medical evidence.  PageID 60-76.  Plaintiff, in her Statement of Errors, sets forth an extensive summary of the medical evidence.  Doc. 8 at PageID 438-44.  The Commissioner defers to the ALJ's statement of evidence and offers no specific objection to Plaintiff's recitation of relevant evidence.  Doc. 11 at PageID 463.  Accordingly, except as otherwise noted herein, the undersigned incorporates Plaintiff's undisputed summary of the evidentiary record.  Where applicable, the Court will identify the medical evidence relevant to this decision.

4

## II.

### A.  Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference."  *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.    "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

Because the record contains evidence that Plaintiff suffers from alcoholism, and because the ALJ found that Plaintiff has disabling limitations, the ALJ appropriately considered whether Plaintiff's "alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. § 404.1535(a). In doing so, the ALJ analyzed whether Plaintiff's disabling limitations would remain if she "stopped using . . . alcohol and then determine[d] whether any or all of [her] remaining limitations would be disabling." 20 C.F.R. § 404.1535(b)(2).

6

Plaintiff argues that, in conducting the analysis required under 20 C.F.R. § 404.1535, the ALJ erred by: (1) improperly assessing the weight accorded to the opinion of treating psychologist Pauline Furman, Ph.D.; (2) failing to weigh the opinion of record-reviewing psychologist Sheila C. Williams-White, Ph.D.; and (3) declining to find that her disability is attributable solely to her bipolar disorder, as opposed to her alcoholism. The undersigned agrees with Plaintiff regarding the first and second assignments of error and, therefore, makes no determination regarding Plaintiff's third argument.

With regard to the opinions offered by Drs. Furman and Williams-White, "the Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians and psychologists top the hierarchy. *Id*. "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id*. "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original). This requirement is known as the "treating physician" rule. *Blakley v. Comm'r Of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted); *see also Johnson-Hunt v. Comm'r of Soc. Sec.*, 500

F. App'x 411, 417-19 (6th Cir. 2012) (applying the treating physician analysis in determining whether alcoholism is a contributing factor material to the disability determination).

Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]"  20 C.F.R. § 416.927(c)(2); *see also Blakley*, 581 F.3d at 406.  Thus, an ALJ must give controlling weight to a treating source if the ALJ finds the treating physician's opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion."  *Blakley*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"  *Id*.

Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician."  *Id*. at 406; *see also* 20 C.F.R. § 416.927(c).  In addition, unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions

according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

### A.    Dr. Furman

Plaintiff's treating psychologist, Dr. Furman, found on numerous occasions, that Plaintiff had marked to extreme limitations[5] in all areas of mental and social work activities. *See* PageID 380-400, 403.   Based upon these limitations, Dr. Furman concluded Plaintiff was totally disabled.[6] *Id.*

In initially finding that Plaintiff had disabling limitations, the ALJ relied upon Dr. Furman's opinion, by noting it was "consistent" with the RFC finding. PageID 67.  However, when determining whether the disabling limitations in the RFC would remain if Plaintiff stopped abusing alcohol, the ALJ declined to give Dr. Furman's opinion controlling weight because:

> She stated that she last saw the claimant in April 2012 but talks to her at night on the phone for no remuneration.  This seems highly unusual and does not relate with the real world.  Second, Dr. Furman has treated the claimant since January 2009, but there are only 38 pages of treatment notes, and the claimant was seen only 21 times in 37 months with each entry containing references to drinking.  In addition, according to these notes, after three years of treatment, the claimant not only did not improve but worsened.  Again, this does not appear credible.  Additionally, although the opinion show no improvement and no ability to work, at least twice the claimant was released to return to work, on December 18, 2009, and again on April 1, 2009.  This is inconsistent with Dr. Furman's

---

[5]  Whereas "moderate" functional limitations are "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App's 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00(C) *et seq.*

[6]  The Court acknowledges that an ALJ is not required to accept a psychologist's conclusion that his or her patient is "unemployable."  Whether a person is disabled within the meaning of the Social Security Act is an issue reserved to the Commissioner, and a treating physician's opinion -- that his or her patient is disabled -- is not "give[n] any special significance."  20 C.F.R. § 416.927; *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician").  However, a treating psychologist's opinion that a claimant has marked or extreme limitations in mental or social functioning must be weighed under the treating physician analysis. *Cf. Dapice v. Comm'r of Soc. Sec.*, No. 3:13-cv-00264, 2015 WL 4540538, at *6 (S.D. Ohio Feb. 10, 2015).

> continuing statements that claimant is totally disabled, which, by the way,
> is a finding reserved for the Commissioner.

PageID 71 (internal citations omitted).

The undersigned finds error in the ALJ's analysis on two grounds.  First, the reasons given by the ALJ for not affording Dr. Furman's opinion controlling weight attack her opinion as a whole, not just as it relates to Plaintiff's limitations in the absence of alcohol abuse.  Thus, it is unclear to the undersigned, based upon the reasons given by the ALJ, why Dr. Furman's opinion was apparently entitled to controlling weight in initially finding Plaintiff had disabling limitations, and then not entitled to controlling weight when determining whether those limitations would remain in the absence of alcohol use.  The lack of rational explanation in this regard hinders a meaningful review by this Court.

Second, the ALJ stopped her analysis of Dr. Furman's opinion after declining to give it controlling weight.  PageID 71.  Pursuant to the Commissioner's own regulations, *i.e.*, 20 C.F.R. § 404.1527(c), the controlling weight determination is merely the first prong of the two-step treating source analysis.  *See Blakley*, 581 F.3d at 406 (stating that, even "[i]f the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of factors").  Even where controlling weight is not given, "[t]here remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference."  *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).  The ALJ's failure to analyze and determine what weight to ultimately give Dr. Furman's opinion "denotes a lack of substantial evidence, even [if her] conclusion . . . may be justified based upon the record."  *Id*. at 407 (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007)).

Accordingly, based upon all of the foregoing, the undersigned concludes that the ALJ failed to properly weigh the opinion of Dr. Furman and, therefore, the ALJ's non-disability finding should be reversed as unsupported by substantial evidence.

**B.      Dr. Williams-White**

The undersigned also finds error in the ALJ's failure to weigh or mention Dr. Williams-White's opinion. Dr. Williams-White, a state agency record-reviewing psychologist, reviewed Plaintiff's medical records at the agency level and offered a disabling opinion. PageID 136. In that opinion, Dr. Williams-White also made a statement relevant to Plaintiff's alcoholism, stating that Plaintiff's "neurological and cognitive damage . . . is evident even [when Plaintiff] is sober." PageID 136. Based, at least in part, upon Dr. Williams-White's opinion, Plaintiff was awarded benefits at the agency level for a closed period from January 2010 until January 2011. *Id.*; *see also* PageID 60, 151.

Where the ALJ declines to give controlling weight to a treating source, "[t]he governing regulations require an ALJ to evaluate all medical opinions according to several factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999). Simply put, "[a]n ALJ *must* consider all medical opinions provided in the record" and must weigh those opinions using the factors set forth in 20 C.F.R. § 404.1527(c). *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 528 (6th Cir. 2014) (emphasis added). These factors include "the length of treatment relationship, the frequency of examination, the nature and extent of the treatment relationship, and the supportability of the . . . opinions." *Jacques v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 729, 742 (S.D. Ohio 2013). In addition to the ALJ's failure to properly weigh the opinion of Dr. Furman, the ALJ's failure to analyze Dr. Williams-White's  opinion also amounts to reversible error.

11

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

Here, evidence of disability is not overwhelming. Accordingly, the undersigned concludes that remand for further proceedings is proper so that the ALJ can properly assess all opinion evidence of record anew in light of the objections raised by Plaintiff in this appeal.

## V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.


Date:   February 4, 2016                    *s/ Michael J. Newman*
                                            Michael J. Newman
                                            United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).