UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

YVETTE C. BLACK,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:14-cv-292

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S COUNSELS' UNOPPOSED MOTION FOR ATTORNEY'S FEES (DOC. 19) BE GRANTED; (2) FEES, PURSUANT TO 42 U.S.C. § 406(b), IN THE AMOUNT OF $31,188.50 BE AWARDED; AND (3) THIS CASE REMAIN TERMINATED ON THE COURT'S DOCKET**

---

On February 23, 2016, Judge Rice reversed the Commissioner's non-disability finding and remanded this case for the payment of benefits. Doc. 14. This case is back before the undersigned on the motion of Plaintiff's counsel seeking an award of attorney's fees under the Social Security Act.[2] Doc. 19. Plaintiff's counsel requests an order authorizing a 25% contingency fee award in the amount of $31,188.50. *Id*. at PageID 603.

In support of the motion for attorney's fees, Plaintiff's counsel attaches a contingency fee agreement executed by Plaintiff. Doc. 19-2. Counsel also submits a copy of the Commissioner's

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] 42 U.S.C. § 406(b) permits an award of attorney's fees for successful Disability Insurance Benefits ("DIB") claims under Title II of the Social Security Act. Supplemental Security Income ("SSI") benefits are awardable pursuant to Title XVI of the Social Security Act, which incorporates 42 U.S.C. § 406(b) by reference, and likewise permits the award of attorney's fees for successful SSI claims. *See* 42 U.S.C. § 1383(d)(2); *Napier v. Comm'r of Soc. Sec.*, 190 F. App'x 458, 459-60 (6th Cir. 2006). The same analysis applies in deciding motions for attorney's fees under both statutes. *See id.*

award letter evidencing that the fee sought by counsel in this case does not exceed 25% of Plaintiff's past-due benefits. Doc. 19-1 at PageID 612-14.

**I.**

In Social Security DIB and SSI cases, the Court is authorized to award attorney's fees following the successful prosecution of a Social Security disability appeal. *See* 42 U.S.C. §§ 402(b)(1) and 1383(d)(2). However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. *Id*. Furthermore, the attorney must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Here, counsels' itemized billing statements set forth a total of 58.49 hours representing Plaintiff before this Court. *See* doc. 19-4. Counsels' requested fee of $31,188.50 divided by the 42.79 hours spent working on the case results in a hypothetical hourly rate of $533.23. There has been no objection to the reasonableness of the requested fee. In light of counsels' extensive experience in these matters and the hypothetical rates awarded in previous cases, *see* doc. 19 at PageID 607-08, the fee sought is reasonable and does not result in an undeserved windfall. Moreover, no allegations of improper conduct, ineffectiveness or insufficient effort of counsel are present. Quite the contrary: the record reveals that Plaintiff's attorneys -- who are experienced Social Security practitioners -- diligently and zealously worked on her behalf and did so in a timely fashion.

## II.

Accordingly, the undersigned **RECOMMENDS THAT:**

1. Plaintiff's counsels' unopposed motion for attorney's fees under the Social Security Act (doc. 19) be **GRANTED**;

2. Plaintiff's counsel be **AWARDED** the sum of $31,188.50 in attorney's fees; and

3. As no further matters remain pending for review, this case shall remain **TERMINATED** upon the Court's docket.

Date: January 11, 2018                                  s/ Michael J. Newman
                                                        Michael J. Newman
                                                        United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).